# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIAM THOMAS HUDSON, III,**

      Petitioner,

    -vs-                                      **Case No. 14-C-1245**

**WILLIAM POLLARD,**
Warden of Waupun Correctional
Institution,

      Respondent.

## DECISION AND ORDER

Petitioner William Thomas Hudson, III ("Hudson") has filed a petition for habeas corpus relief pursuant to 28 U.S.C. 2254, challenging his state conviction. He lists five grounds for relief[1]. However, he states that he has not exhausted his state remedies on any of those grounds and that as of September 30, 2014, the issues are pending before the circuit court for Sauk County, Wisconsin;[2] and he requests that his petition be stayed while he exhausts his state remedies.

Documents attached to the petition indicate that Hudson previously

---

[1] The grounds listed by Hudson are actually two grounds, ineffective assistance of trial counsel and ineffective assistance of appellate counsel. *See Pole v. Randolph,* 570 F.3d 922, 934 (7th Cir. 2009) ("Ineffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed" (quoting *Peoples v. United States,* 403 F.3d 844, 848 (7th Cir. 2005)).

[2] The Wisconsin Court System Circuit Court Access website indicates that Hudson filed a motion for post-conviction relief on October 2, 2014. A status conference is set for October 31, 2014. *See* https://wcca.wicourts.gov/ (last visited Oct. 16, 2014.)

completed one full round of state proceedings, presenting claims of outrageous government conduct and the denial of effective assistance of trial counsel. (App. A.) (ECF No. 1-1.) Thereafter, Hudson petitioned the United States Supreme Court for certiorari review, which was denied on October 7, 2013. (App. B-C.) *See Gonzalez v. Thaler,* 132 S.Ct. 641, 653 (2012) (holding conviction becomes final for purposes of § 2244(d)(1)(A)[3] when Supreme Court denies petition for certiorari). *Graham v. Borgen,* 483 F.3d 475, 479-80 (7th Cir. 2007), holds that a request for post-conviction relief under Wis. Stat. § 974.06 is considered a request for

---

[3] Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court." This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

collateral review rather than a request for direct review, and, therefore, does not affect the date a judgment becomes final under § 2244(d)(1)(A). Thus, the filing date of the instant petition may be critical.

*Dolis v. Chambers,* 454 F.3d 721, 725 (7th Cir. 2006) suggests that "particularly where there is some procedural uncertainty about the state court post-conviction proceeding," it may be appropriate for a petitioner to file in both federal and state court and ask the district court to stay the federal case until the state case concludes "to ensure that [he] does not miss the one-year deadline." *Id.* (remanding for consideration of possible stay and abeyance although the petition contained only unexhausted claims.) Hudson's petition falls within the scope of *Dolis*. Therefore, the Court finds "good cause" to "stay further proceedings pending the complete exhaustion of state remedies." *See id.; See also*, *Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008).

With respect to his current post-conviction motion: if Hudson does not prevail before the Sauk County Circuit Court, in order to exhaust his state remedies he must appeal to the Wisconsin Court of Appeals and, if unsuccessful there, he must petition the Wisconsin Supreme Court for review. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 847-48 (1999). Once Hudson has completed the process of exhausting his state remedies, he

must file a statement with the Court requesting that the stay be lifted. In the interim, the Court will direct the Clerk of Court to close this action for statistical purposes. It will be reopened when Hudson files his request.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Hudson's request for a stay of his petition for a writ of habeas corpus is **GRANTED**; and

The Clerk of Court is **DIRECTED** to close the case for statistical purposes.

Hudson **MUST** file a statement requesting that the stay be lifted when he has completed the process of exhausting his state remedies.

Dated at Milwaukee, Wisconsin, this 20th day of October, 2014.

                                          **BY THE COURT:**

                                          _____
                                          **HON. RUDOLPH T. RANDA**
                                          **U.S. District Judge**